## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert F. Kennedy Memorial Center for Human Rights | United States Department of the Treasury |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____11001_____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____11001_____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Harold G. Bailey, Jr. Garvey Schubert Barer 1000 Potomac Street, NW Washington, DC 20007 202-298-1784 | Arnold I. Havens, David Joy - Office of the General Counsel United States Department of Treasury 1500 Pennsylvania Avenue, NW Room 1054 Washington, DC 20220 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- O 3 Federal Question (U.S. Government Not a Party)
- ⦿ 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**
- ☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**O E. General Civil (Other)**     OR     **O F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O | **G. Habeas Corpus/ 2255** | O | **H. Employment Discrimination** | ⊙ | **I. FOIA/PRIVACY ACT** | O | **J. Student Loan** |
|---|---|---|---|---|---|---|---|
| | ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O | **K. Labor/ERISA (non-employment)** | O | **L. Other Civil Rights (non-employment)** | O | **M. Contract** | O | **N. Three-Judge Court** |
|---|---|---|---|---|---|---|---|
| | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original
 Proceeding
O 2 Removed
 from State
 Court
O 3 Remanded from
 Appellate Court
O 4 Reinstated
 or Reopened
O 5 Transferred from
 another district
 (specify)
O 6 Multi district
 Litigation
O 7 Appeal to
 District Judge
 from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. Section 552 - suit seeks release of agency records pursuant to FOIA requests made over the past 3 years.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]  Check YES only if demanded in complaint  JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  8/15/06   SIGNATURE OF ATTORNEY OF RECORD  _Harold L. Bailey_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

A0 458 (Rev. 11/04 DC)-Appearance

# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
| Plaintiff(s) | ) | **APPEARANCE** |
|  | ) |  |
| vs. | ) | CASE NUMBER |
|  | ) |  |
| Defendant(s) | ) |  |

To the Clerk of this court and all parties of record:

Please enter the appearance of    Harold G. Bailey, Jr.    as counsel in this
                                   (Attorney's Name)

case for:    Robert F. Kennedy Memorial Center for Human Rights
                    (Name of party or parties)

8/15/06
Date

384973
BAR IDENTIFICATION

_Harold J. Bailey Jr_
Signature

_Harold G. Bailey, JR._
Print Name

1000 Potomac Street, NW
Address

Washington, DC        20007
City          State        Zip Code

202-298-1784
Phone Number

CO-386-online
10/03

# United States District Court
# For the District of Columbia

| | )<br>)<br>) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | Civil Action No._____ |
| VS | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for ___Robert F. Kennedy Memorial Center for Human Rights___ certify that to the best of my knowledge and

belief, the following are parent companies, subsidiaries or affiliates of ___the Robert F. Kennedy Memorial Center for Human Rights___ which have

any outstanding securities in the hands of the public:

N/A

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

*Harold L. Bailey. jr.*
Signature

384973
BAR IDENTIFICATION NO.

*Harold G. Bailey, Jr*
Print Name

1000 Potomac Avenue
Address

Washington, DC          20007
City          State          Zip Code

202-298-1784
Phone Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT F. KENNEDY MEMORIAL CENTER FOR HUMAN RIGHTS, 1367 Connecticut Avenue, NW Suite 200 Washington, DC 20036 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| UNITED STATES DEPARTMENT OF THE TREASURY, 1500 Pennsylvania Avenue, NW Room 1054 Washington, DC 20220 | ) ) ) ) ) | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| Defendant. | ) ) ) | |

### COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552.  Plaintiff seeks injunctive and other appropriate relief for the processing

and release of agency records requested by plaintiff from the Department of Treasury.

### Jurisdiction and Venue

2.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue

lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3.      Plaintiff Center for Human Rights at the Robert F. Kennedy Memorial (the "Center") is a public interest organization.  The Robert F. Kennedy Memorial is incorporated as a not-for-profit corporation in Washington, D.C.  The purpose of the Center is to promote human rights.  Its activities include the collection, analysis, and dissemination of information to the public regarding the nature and effectiveness of domestic and international programs intended to assist the Haitian people.

4.      Defendant United States Department of the Treasury (the "DOT") is a Department of the Executive Branch of the United States Government.  DOT is an "agency" within the meaning of 5 U.S.C. § 552(f).

**The Cancellation of IDB Loans to Haiti**

5.      In July 1998, the Inter-American Development Bank (the "IDB") approved $145.9 million in loans to Haiti (the "IDB Loans").  The money was intended to finance four separate social sector projects in Haiti.  These projects were aimed at improving water, sanitation, health, rural roads and education in Haiti.  Payment was programmed to begin in early 2001 after the Haitian Parliament ratified the agreements related to the four IDB loans and paid accumulated arrears.  These were the sole remaining conditions required for disbursement.

6.      Although the Haitian Government complied with the conditions that had been established by the IDB in December 2000, the IDB failed to fulfill the terms of the loan agreement and did not disperse the IDB Loans.

2

7.     The Center has been investigating the involvement of DOT officials in the decision to withhold the IDB Loans. Pursuant to this investigation, the Center has requested that DOT produce information regarding communications between the DOT and the IDB and other branches of the U.S. government regarding the IDB Loans to Haiti.

### Plaintiff's FOIA Requests

8.     By facsimile and letter dated August 28, 2003, to Alana Johnson, Disclosure Officer at the DOT, Monika Kalra Varma, Program Director at the Center, requested under the FOIA certain agency records regarding loans approved by the Inter-American Development Bank to Haiti in July 1998. The FOIA request specifically noted that the Center would like to have the documents as soon as possible and that DOT should forward a partial production of documents as they became available, rather than wait until the search is complete.

9.     By facsimile and letter dated September 24, 2003, to Alana Johnson, Disclosure Officer at the DOT, Monika Kalra Varma, Program Director at the Center amended her request under the FOIA for certain agency records (the "Amended FOIA Request"). Again, the FOIA request specifically noted that the Center would like to have the documents as soon as possible and that DOT should forward a partial production of documents as they became available, rather than wait until the search is complete. The Center stated in its amended request that the records it sought included:

3

a.    Copies of the 1998 signed loan agreements between the Haitian
      Government and the IDB.

b.    Copies of the 1998 loan documents as ratified by the Haitian
      Government in December 2000.

c.    Memoranda, emails, meeting minutes and any other records and
      documents specifying the location of specific Unités Communales de
      Santé [Community Health Unions] and pre-Unités Communales de
      Santé [pre-Community Health Unions] within the North, Northwest,
      Artibonite, and Centre departments of Haiti.

d.    Memoranda, emails, meeting minutes and any other records and
      documents showing debate or discussion about the location of the
      Unités Communales de Santé.

f.    Memoranda, emails, meeting minutes and any other records and
      documents stating which medicines are considered "essential
      medicines" as discussed in the health loan agreement.  This should
      include any memoranda, emails, meeting minutes and any other
      records and documents that make reference to Annex I (HA-0045) to
      the Simplified Procedure Proposal for a loan for reorganization of the
      national health care system, Phase I (PR-2308).

4

g.    Memoranda, emails meeting minutes and any other records and documents relating to and including the technical files or implementation plans of the health loans to Haiti. This should include the following documents and references:

1)    Regarding and including information about the content and format of Unités Communales de Santé plans regarding the proposed population covered, services provided, etc. This should include any memoranda, emails, meeting minutes and any other records and documents that mention Section 3.18 of the Simplified Procedure Proposal for a loan for reorganization of the national health system, Phase I (PR-2308).

2)    Memoranda, emails, meeting minutes and any other records and documents from the technical files regarding and including the Institutional Evaluation of the Ministére de Santé Publique et de la Population [Public Health and Population Ministry] and the Training Needs Study, mentioned in Section 3.27 of the Simplified Procedure Proposal for a loan for reorganization of the national health system, Phase I (PR-2308).

3)    Memoranda, emails, meeting minutes and any other records and documents from the technical files regarding and including the document entitled "Implantation des Unités Communales

5

de Santé: Plan Strategique" [Implementation of the Community Health Unions Strategic Plan].

4) Memoranda, emails, meeting minutes and any other records and documents from the technical files regarding and including the "Etude sur l'Organisation et la Prestation de Soins" [Study of the Organization and Provision of Care].

5) Memoranda, emails, meeting minutes and any other records and documents from the technical files pertaining to and including the Economic and Financial Analysis report.

6) Memoranda, emails, meeting minutes and any other records and documents regarding and including the studies mentioned in the Simplified Procedure Proposal for a loan for reorganization of the national health system, Phase I (PR-2308), "Background Study on Decentralization," and "Unités Communales de Santé Consensus Workshop (December 1996)."

h.   Memoranda, emails, meeting minutes and any other records and documents regarding and including a letter to the Inter-American Development Bank specifying the date of effectiveness of the loan contract, mentioned in Section 6.01(a) of the loan contract (No. 1009/SF-HA).

i.      Memoranda, emails, meeting minutes and any other records and documents from the technical files and implementation files for the water and sanitation loans to Haiti. This should include the following references and documents:

    1)      Memoranda, emails, meeting minutes and any other records and documents prepared by the IDB project team, including PRE/1: Summary Port-de-Paix project feasibility document; PRE/2: Summary Les Cayes project feasibility document; EXE/1: Lease contract for Port-au-Prince and other large urban systems; EXE/3: Program's operating regulations (and the English abstract thereof).

    2)      Memoranda, emails, meeting minutes and any other records and documents prepared by the IDB project team and sector reform unit regarding and including NORPLAN, 1997: Les Cayes potable water and sanitation master-plan and feasibility report.

    3)      Memoranda, emails, meeting minutes and any other records and documents regarding and including TESCULT, 1997: Port-de-Paix potable water and sanitation master-plan feasibility report.

4)    Memoranda, emails, meeting minutes and any other records and documents regarding and including Environmental and Social Impact Analysis of the Proposed Inter-American Development Bank potable water and sanitation sector reform and investment program.

5)    Memoranda, emails, meeting minutes and any other records and documents regarding and including SOPRIN, 1996: Willingness of the Cap-Haïtien population to pay for improved potable water services.

6)    Memoranda, emails, meeting minutes and any other records and documents regarding and including Paola Agostini's documents for the World Bank entitled "Willingness of the Port-au-Prince population to pay for improved potable water services" (195).

7)    Memoranda, emails, meeting minutes and any other records and documents regarding and including files or reports drafted by the Sector Reform Unit.  These are mentioned in the Simplified Procedure Proposal for a Loan for a Potable Water and Sanitation Sector Reform and Investment Project (PR-2309), specifically including the Study for Private Section Participation and any information about the third unnamed city which was the site of a pilot program.

8

j.   Memoranda, emails, meeting minutes and any other records and

documents regarding and including the Government of Haiti's Draft

Sector Reform Law and any information or correspondence as to

whether that proposed legislation has been passed, any proposed

changes, and/or any existing contingency plan in case the law did not

pass.

10.   By facsimile and letter dated February 5, 2004, to Alana Johnson, Disclosure

Officer at the DOT, the Center requested a status update on the original and amended

FOIA requests, requesting that DOT provide any information available or an

estimated timeline for the receipt of the requested documents. Copies of both the

original and amended FOIA requests were included with this facsimile.

11.   By facsimile and letter dated May 21, 2004, to Alana Johnson, Disclosure

Officer at the DOT, Monika Kalra Varma, Program Director at the Center again

requested information regarding the status of the original and amended FOIA

requests. In this facsimile, the Center noted that it had neither received any requested

documents nor any justification for the delayed response. Copies of both the original

and amended FOIA requests were again included with the facsimile.

12.   By facsimile and letter dated June 7, 2004, to Alana Johnson, Disclosure

Officer at the DOT, Monika Kalra Varma, Program Director at the Center requested

that a contact person in the Department be provided, in an effort to obtain a response

to the Center's FOIA request.

**DOT's Responses and Failure to Timely
Comply With Plaintiff's FOIA Requests**

13.    By letter dated September 16, 2003, from Alana Johnson, Disclosure Officer

at DOT to Monika Kalra Varma, Program Director at Center, DOT acknowledged

receipt of the original FOIA request.

14.    By letter dated February 9, 2004, from Alana Johnson, Disclosure Officer at

DOT to Monika Kalra Varma, Program Director at Center, DOT acknowledged

receipt of the original and amended request and notified the Center that the requests

were being forwarded to the appropriate office.

15.    By letter dated June 1, 2004, from Alana Johnson, Disclosure Officer at DOT

to Monika Kalra Varma, Program Director at Center, DOT acknowledged receipt of

the May 21, 2004 facsimile from the Center regarding the status of the FOIA

requests.  This letter stated that DOT would answer the request as soon as possible.

16.    For over 2 years, DOT failed to complete the processing of plaintiff's FOIA

requests or inform plaintiff of an anticipated date for the completion of the processing

of plaintiff's FOIA requests.

17.    When the Center's written requests failed to produce the records in question,

the Center made efforts to speak directly with DOT representatives.  Monika Kalra

Varma, Program Director at the Center conferred or sought to confer with DOT

representative Michelle Hinshall on at least 5 separate occasions between July 23 and

September 14, 2004.  On 3 occasions, Ms. Hinshall told the Center that a backlog was

10

causing the delay. On September 16, 2004, Ms. Hinshall told the Center that DOT was working on the request and had assembled a task force to address the backlog issue. On October 4, 2004, Monika Kalra Varma was told by Steven Altheim of DOT that the documents would be provided to the Center by the end of the calendar year 2004.

18.     There was no further communication from DOT until February 16, 2005, when Kari Fiore-Walker of the Center contacted Steven Altheim. Mr. Altheim told Ms. Fiore-Walker that there was still a backlog and that the documents were still unavailable. At this time, Mr. Altheim also stated that the records should be produced in mid- to late- March 2005.

19.     On March 31, the Center again contacted Steven Altheim. At this time, Mr. Altheim stated that a partial production should be ready in late April 2005.

20.     On August 18, 2005, Monika Kalra Varma, Program Director at the Center, again spoke with Steven Altheim. Mr. Altheim stated that the IDB U.S. Executive Director's office was causing the delay and that the documents requested were classified. Mr. Altheim refused to provide a timeframe for production of the requested documents at this time.

### DOT's Request for Information
### Regarding a Waiver of Fees

21.    By letter dated September, 22, 2005, from Sara Paulson, DOT Office of

Financing Operations to the Monika Kalra Varma, Program Director at the Center,

DOT requested additional information regarding a waiver of fees or an agreement to

pay fees that might be incurred.  This letter was received nearly 2 years to the day

after the amended FOIA request by the Center.

### The Center's Fee Waiver Response
### And Second Amended FOIA Request

22.    By letter dated February 3, 2006, to the Office of Financing at the DOT, the

Center provided the required information regarding a waiver of fees.  See Exhibit A.

Also by letter dated February 3, 2006, from Monika Kalra Varma, Program Director

at the Center, to Stephen Altheim, Office of Financing Operations at DOT, the Center

amended and restated its initial request.

23.    In an effort to expedite processing of the request, the Center significantly

reduced the number of documents requested in a second amendment to its FOIA

request (the "Second Amended FOIA Request").  Specifically, the Center amended

the request to narrow the scope and number of documents requested.  See Exhibit B.

### DOT's Responses to the Fee Waiver
### and Second Amended FOIA Request

24.    By letter dated March 1, 2006, from Dirk Joldersma, Acting Director of the

Office of Financing Operations at the DOT to Monika Kalra Varma, Program

Director at the Center, DOT notified the Center that the information provided

12

regarding fee waiver was sufficient and that the fees for responding to the Center's

FOIA request would therefore be waived. DOT also stated that the amended request

would be reviewed and that DOT would respond to the Center "soon" regarding

partial production of documents as they became available. See Exhibit C.

25.    DOT has failed to complete the processing of plaintiff's FOIA requests or

inform plaintiff of an anticipated date for the completion of the processing of

plaintiff's FOIA requests. To this date, the Center has received no information

regarding the status of its FOIA request, and no timeline regarding when its request

will be processed.

26.    DOT has violated the generally applicable statutory time limit for the

processing of any FOIA request. See 5 U.S.C. § 552(a)(6)(A)(i).

27.    Defendant DOT and its components have wrongfully withheld the requested

records from the Center.

## CAUSE OF ACTION
### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

28.    Plaintiff repeats and realleges paragraphs 1-27.

29.    DOT has wrongfully withheld agency records requested by plaintiff by failing

to comply with the statutory time limit for the processing of FOIA requests.

30.    Plaintiff is entitled to injunctive relief with respect to the release and

disclosure of the requested documents.

13

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A.      order defendant DOT to disclose immediately the records requested in the

Center's amended FOIA request that was submitted on February 3, 2006: see Exhibit

B;

B.      award plaintiff its costs and reasonable attorneys fees incurred in this

action; and

C.      grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Harold G. Bailey, Jr. (D.C. Bar 384973)
Garvey Schubert Barer
Flour Mill Building
1000 Potomac Street, NW
Washington, DC 20007

Counsel for Plaintiff
ROBERT F. KENNEDY MEMORIAL
CENTER FOR HUMAN RIGHTS,
1367 Connecticut Avenue, NW
Suite 200
Washington, DC 20036

Dated:  August 15, 2006

14

**EXHIBIT A**

## Robert F. Kennedy Memorial Center for Human Rights

### Fee Waiver Request - #03-09-010

### February 3, 2006

This is in response to the Department of Treasury's September 22, 2005 fax regarding a fee waiver in connection with FOIA Request #03-09-010. Please note that this FOIA Request has been amended by letter dated February 3, 2006, and the amended FOIA Request is attached hereto.

The Robert F. Kennedy Memorial Center for Human Rights (CHR) is submitting the following information to demonstrate that CHR's FOIA Request meets the requirements set forth in 28 CFR § 16.11(k)(2) and (3).

**Requirement #1 -The disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government**

**CHR's Request meets the four factors comprising this requirement:**

1.     The subject of CHR's Request concerns identifiable "operations or activities of the government."

    The identifiable activity of the U.S. government that this request addresses the operations and activities of the U.S. Department of Treasury (DOT) in connection with certain loan transactions of the Inter-American Development Bank (IDB), specifically transactions involving Haiti.

    In July 1998, the IDB approved $145.9 million in loans to Haiti. The money was intended to finance four separate development projects in Haiti. CHR believes that DOT officials communicated with IDB officials regarding these Haiti loans. CHR is requesting DOT to produce the record of communications between the DOT, the IDB and other branches of the U.S. government regarding the IDB approved loans to Haiti. The requested documents would help clarify the nature and extent of the U.S. government's operations and activities in connection with these loans.

    The CHR is also requesting DOT documents and communications related to a Haitian health and water sanitation project that was to be financed by the IDB loans. These documents would also clarify the nature and extent of the U.S. government's operations and activities in connection with the IDB's actions regarding Haiti.

1

2.    <u>The informative value of the DOT requested documents would be "likely to contribute" to an understanding of government operations or activities.</u>

The record of communications between the DOT, the IDB and other U.S. government agencies related to the Haitian IDB loans is not currently in the public domain. Information regarding the activities and operations of DOT in connection with the IDB loans to Haiti would improve the general public's understanding of the U.S. government position and reasoning regarding these loans. Moreover, U.S. taxpayers fund the U.S. contribution to the IDB, and the taxpayers are entitled to information on how their money is being used.

In addition, the requested documents relating to the Haitian health and water sanitation project would clarify how the IDB loans were to be used. The documents could explain what the IDB was expecting to achieve with the loans and how it chose the location of the projects. Such information would contribute to the taxpayers' understanding of how their contribution to the IDB's funding is managed in connection with specific projects.

3.    <u>Disclosure would contribute to the understanding of the public at large.</u>

Disclosure of the requested DOT documents would benefit the public interest and provide taxpayers with information on how the U.S. contribution to the IDB is managed. The FOIA requester, the Robert F. Kennedy Memorial Center for Human Rights, is a 501(c)(3) organization dedicated to realizing Robert F. Kennedy's dream of a peaceful and just world. The CHR has developed domestic and international programs that work to empower the disadvantaged and oppressed. The CHR focuses on using innovative tools to achieve sustainable social justice, including public advocacy initiatives relating to U.S. government and international agencies, and launching consumer awareness campaigns to foster corporate responsibility.

In performing its mission, the CHR has developed considerable expertise at digesting and disseminating information to the public. Regular updates on the progress of its project are published in the CHR's Visionaries in Action (VIA) newsletter, which is circulated to over 7,000 people. The newsletter is also published on the CHR website, which is accessed by over 2000 people. See http://www.rfkmemorial.org/legacyinaction/chr/ The CHR also has published op-ed articles and open letters in U.S. publications such as Boston Globe, National Geographic, The Ohio Statesman, and the Naples Daily News. The CHR also disseminates the information it receives and analyzes to members of the U.S. government, and U.S. nongovernmental organizations.

As part of its mission, CHR has sought to collect and analyze information regarding the nature and effectiveness of domestic and international programs to

2

assist the Haitian people. The CHR has disseminated the collected information to U.S. public officials and to the general public directly. Examples of such dissemination efforts include (a) publications on the Memorial's Visionaries in Action newsletter and on the CHR website; (b) reports circulated to representatives of U.S. Delegation to the UN, other Member States and UN Security Council members; (c) articles published in The Boston Globe, Associate Press, Maxim News, and the Bob Corbett list serve (circulation over 1,000). In addition, the CHR, and Partners in Health (PIH), an organization that jointly works with the CHR on the Haiti project, have testified in Congressional hearings and engaged in advocacy with individual Members of Congress. CHR activities have frequently received national media coverage which further broadens its message. See, e.g., The New York Times, The Washington Post, The LA Times, The Boston Globe, Associate Press, Rolling Stone Magazine, National Public Radio, The Palm Beach Post, Ms. Magazine, World Pulse Magazine.

CHR Plan for Public Dissemination of DOT Records. Information obtained through CHR's FOIA request will be disseminated through methods similar to the above. Staff members of the CHR will write op-ed pieces, advocacy and informational papers, and academic journal articles concerning the IDB's Haitian loans and U.S. government's position regarding these loans. The op-eds will be sent to US media outlets, in particular the The Boston Globe which has previously published CHR articles on this subject. The op-eds and the reports will also be published in the CHR's Visionaries in Action newsletter, which will be circulated to the list of over 7,000 subscribers and made available on the CHR website. In addition, PIH will publish articles relating to the US government's position relating to the Haitian IDB loans on its website, in US media outlets and relevant academic journals. The reports will be sent to Haiti coalition groups and to Maxim News, and the Bob Corbett list serve. The information will also be conveyed to Members of Congress, particularly to those who have previously worked with the CHR on the Haiti project) in the course of advocacy efforts.

Disclosure of the information to the public will improve public knowledge and taxpayer understanding regarding the activities of the DOT in connection with IDB loans. In addition, one of the primary goals of CHR – to foster public awareness in the plight of world's impoverished populations and the best approaches to redress the needs of the poor—would be advanced.

4.    The disclosure would contribute "significantly" to public understanding of government operations or activities.

Understanding of the humanitarian needs of the Haitian people and evaluating the efforts of U.S. and agencies to address those needs is an important and significant public policy goal. Disclosure of documents responsive to CHR's FOIA request would advance the public's understanding of the humanitarian and financial aspects of U.S. policy toward Haiti. The general public has a very limited knowledge of the facts and circumstances regarding DOT's position on the IDB

3

Haiti. The requested information, once released, could help the public understand and evaluate the relationship between the DOT and the IDB, and the role of the U.S. government in the IDB's decision-making process for Haiti. In addition, DOT's documents and communications regarding the health and water sanitation projects could educate the public on the significance of such projects in Haiti and other impoverished nations. Viewed objectively, as required by FOIA rules, the status of the Haitian IDB loans and the U.S. involvement with those loans is "significant" as a matter of public policy and public financial administration.

**Requirement #2--The disclosure of the information is not primarily in the commercial interest of the requester.**

1.    CHR's FOIA request does not involve any commercial interest of CHR which would be furthered by the disclosure.

There is no "commercial interest" involved in the CHR request. As noted above, CHR is a non-profit 501(c)(3) organization dedicated to realizing the humanitarian ideals of Robert F. Kennedy. This request is made in furtherance of a non-profit organization's work on the Haitian humanitarian crisis and the U.S. government's role in addressing that crisis. Based on CHR's past projects, it is evident that CHR does not have any commercial or profit motive when it receives, evaluates and disseminates materials related to its projects. Any information received from DOT will be used in furtherance of CHR's non-commercial mission of promoting Robert F. Kennedy's dream of a peaceful and just world through international programs to empower the disadvantaged.

Regardless of its non-profit, public purpose status, CHR does not intend to use information received from DOT for financial gain. CHR financial status and sources of funding are not dependent on Haitian issues.

2.    CHR's primary interest has always been in the public interest.

It is readily apparent from the Memorial's origins as promoting the legacy of Senator Robert F. Kennedy that the primary interest of CHR lies in the public interest. DOT is required to make a determination that the public interest in connection with CHR's FOIA request is greater in magnitude than any commercial interest. As stated above, the past activities of CHR and planned activities for information on Haitian IDB loans demonstrates the predominant public interest so strongly associated with Robert F. Kennedy's ideals.

Based on the foregoing, CHR submits that its FOIA request meets all the factors justifying a fee waiver under the Freedom of Information Reform Act of 1986. For further information on this request, please contact CHR's outside counsel, Harold G. Bailey, Jr., at 202-298-1784.

Attachment

4

**EXHIBIT B**

 ROBERT F. KENNEDY MEMORIAL

Center for Human Rights • National Youth Project • RFK Book Award • RFK Human Rights Award • RFK Journalism Awards

Mr. Stephen Altheim
Office of Financing Operations
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W. Room 1054
Washington, D.C. 20220

February 3, 2006

Re:    Amended and Restated FOIA Request (#03-09-010)

Dear Mr. Altheim:

This is an amended and restated request for documents pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552. The original requests made by our organization, the Robert F. Kennedy Memorial Center for Human Rights ("RFK Memorial"), were made on August 25, 2003 with an amended request on September 23, 2005. You will note that in the interest of expediting disclosure, the RFK Memorial has significantly reduced the number of documents requested.

Please also find attached RFK Memorial's fee waiver request associated with this FOIA request.

The RFK Memorial hereby requests that the Department of the Treasury and its affiliated government agencies or independent contractors, provide all documents pertaining to loans approved by the Inter-American Development Bank ("IDB") to Haiti in July 1998. Specifically, we request the following (please note that document numbers and references are to IDB documents, unless otherwise specified):

1. Memoranda, meeting minutes and any other records and documents between the U.S. Department of Treasury, and the Inter-American Development Bank, including its Board of Executive Directors, President, and U.S. Executive Director regarding the loans to Haiti which were approved by the IDB in July 1998.

2. Memoranda, meeting minutes and any other records and documents between any agent of the U.S. Department of Treasury, and any agent of the Government of Haiti regarding the IDB loans to Haiti.

3. Memoranda, meeting minutes and any other records and documents between any agent of the U.S. Department of Treasury and any or water and sanitation organization in Haiti which would have benefited from the IDB loan disbursements.

4. Memoranda, meeting minutes and any other records and documents relating to all internal discussions within the U.S. Department of Treasury concerning the IDB loans to Haiti.

5. Memoranda, letters, meeting minutes and any other records and documents relating to discussions between the U.S. Department of Treasury and the IDB, including its President, Board of Executive

Directors, and its U.S. Executive Director regarding the IDB's policies and internal regulations over the loan disbursement to Haiti.

6. Copies of the 1998 signed loan agreements between the Haitian Government and the IDB.

7. Copies of the 1998 loan documents as ratified by the Haitian Government in December 2000.

8. Memoranda, emails, meeting minutes and any other records and documents regarding and including a letter to the Inter-American Development Bank specifying the date of effectiveness of the loan contract, mentioned in Section 6.01(a) of the loan contract (No. 1009/SF-HA).

9. Memoranda, emails, meeting minutes and any other records and documents from the technical files and implementation files for the water and sanitation loans to Haiti. This should include the following references and documents:

   a.   Memoranda, meeting minutes and any other records and documents prepared by the IDB project team, including PRE/1: Summary Port-de-Paix project feasibility document; PRE/2: Summary Les Cayes project feasibility document; EXE/1: Lease contract for Port-au-Prince and other large urban systems; EXE/3: Program's operating regulations (and the English abstract thereof).

   b.   Memoranda, , meeting minutes and any other records and documents prepared by the IDB project team and sector reform unit regarding and including NORPLAN, 1997: Les Cayes potable water and sanitation master-plan and feasibility report.

   c.   Memoranda, meeting minutes and any other records and documents regarding and including TESCULT, 1997: Port-de-Paix potable water and sanitation master-plan and feasibility report.

   d.   Memoranda, meeting minutes and any other records and documents regarding and including Environmental and Social Impact Analysis of the Proposed Inter-American Development Bank potable water and sanitation sector reform and investment program.

   e.   Memoranda, meeting minutes and any other records and documents regarding and including SOPRIN, 1996: Willingness of the Cap-Haïtien population to pay for improved potable water services.

   f.   Memoranda, meeting minutes and any other records and documents regarding and including Paola Agostini's documents for the World Bank entitled "Willingness of the Port-au-Prince population to pay for improved potable water services" (1995).

   g.   Memoranda, meeting minutes and any other records and documents regarding and including files or reports drafted by the Sector Reform Unit. These are mentioned in the Simplified Procedure Proposal for a Loan for a Potable Water and Sanitation Sector Reform and Investment Project (PR-2309), specifically including the Study for Private Sector Participation and any information about the third unnamed city which was the site of a pilot program.

10. Memoranda, meeting minutes and any other records and documents regarding and including the Government of Haiti's Draft Sector Reform Law and any information or correspondence as to whether that proposed legislation has been passed, any proposed changes, and/or any existing contingency plan in case the law did not pass.

As originally requested, we would like to have the documents as soon as possible. Please forward to us a partial production of any documents as they become available, rather than wait until your search is complete. Please contact me if there is anything else we can do to expedite production of the documents.

If you have any questions about the specific information we are seeking, please contact me at (202) 463-7575 ext. 228.

Thank you for your prompt attention to this matter.

Sincerely,

Monika Kalra Varma
Program Director
Robert F. Kennedy Memorial
Center for Human Rights

**EXHIBIT C**



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D C. 20020

March 1, 2006

Re:  FOIA #03-09-010

Dear Ms. Varma:

This letter is a response to the additional information you provided in support of the
Center for Human Rights' (CHR) fee waiver request associated with CHR's amended and
restated Freedom of Information Act request of February 3, 2006.  Our office has
reviewed the additional information, and I have decided that the additional information
satisfies the standard for a fee waiver.  Consequently, the Treasury Department will
waive the fees for responding to CHR's FOIA request.

We will review your amended and restated FOIA request and get back to you soon
regarding partial production of documents as they become available.

Sincerely yours,

Dirk Joldersma
Acting Director
Office of Financing Operations
(International Affairs)

Ms. Monica Kalra Varma
Program Director
Robert F. Kennedy Memorial Center for Human Rights
1367 Connecticut Avenue, NW; Suite 200
Washington, DC 20036

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY MEMORIAL CENTER FOR HUMAN RIGHTS, 1367 Connecticut Avenue, NW Suite 200 Washington, DC 20036 | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. _____ |
| UNITED STATES DEPARTMENT OF THE TREASURY, 1500 Pennsylvania Avenue, NW Room 1054 Washington, DC 20220 | ) ) ) ) ) ) |
| Defendant. | ) ) ) |

## CERTIFICATE OF SERVICE

I, Harold G. Bailey, Jr., a member of the bar of this Court, certify that on August 15, 2006, I caused a true and correct copy of this Complaint for Injunctive Relief, filed by the Robert F. Kennedy Memorial Center for Human Rights, to be served electronically and by overnight courier on:

Arnold I. Havens
202-622-0283
Office of the General Counsel
United States Department of Treasury
1500 Pennsylvania Avenue, NW
Room 1054
Washington, DC 20220

David Joy
Senior Counsel
Assistant for the General Counsel of International Affairs
1500 Pennsylvania Avenue, NW
Room 2015
Washington, DC 20220

Respectfully Submitted,

Harold G. Bailey, Jr. (D.C. Bar 384973)
Garvey Schubert Barer
Flour Mill Building
1000 Potomac Street, NW
Washington, DC 20007

Counsel for Plaintiff
ROBERT F. KENNEDY MEMORIAL
CENTER FOR HUMAN RIGHTS,
1367 Connecticut Avenue, NW
Suite 200
Washington, DC 20036

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ROBERT F. KENNEDY MEMORIAL
CENTER FOR HUMAN RIGHTS,
1367 Connecticut Ave., NW
Suite 200
Washginton, D.C. 20036

**SUMMONS IN A CIVIL CASE**

V.

UNITED STATES DEPARTMENT
OF THE TREASURY,
1500 Pennsylvania Avenue, NW
Room 1054
Washington, DC 20220

CASE NUMBER:

TO: (Name and address of Defendant)

Arnold I. Havens
202-622-0283
Office of the General Counsel
United States Department of Treasury
1500 Pennsylvania Avenue, NW
Room 1054
Washington, DC 20220

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Harold G. Bailey, Jr.
Garvey Schubert Barer
Flour Mill Building
1000 Potomac Street, NW
Washington, DC 20007

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440  (Rev. DC - September 2003)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
    discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____          _____
               Date                                        *Signature of Server*



                          _____
                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

ROBERT F. KENNEDY MEMORIAL
CENTER FOR HUMAN RIGHTS,
1367 Connecticut Ave., NW
Suite 200
Washginton, D.C. 20036

**SUMMONS IN A CIVIL CASE**

V.

UNITED STATES DEPARTMENT
OF THE TREASURY,
1500 Pennsylvania Avenue, NW
Room 1054
Washington, DC 20220

CASE NUMBER:

TO: (Name and address of Defendant)

David Joy
Senior Counsel
Assistant for the General Counsel of International Affairs
1500 Pennsylvania Avenue, NW
Room 2015
Washington, DC 20220

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Harold G. Bailey, Jr.
Garvey Schubert Barer
Flour Mill Building
1000 Potomac Street, NW
Washington, DC 20007

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

**G**   Served personally upon the defendant.  Place where served: _____

_____

**G**   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

      Name of person with whom the summons and complaint were left: _____

**G**   Returned unexecuted: _____

_____

_____

**G**   Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____

                Date              *Signature of Server*

                                       _____

                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.