IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY MEMORIAL CENTER FOR HUMAN RIGHTS )<br><br>Plaintiff, )<br>v. )<br><br>UNITED STATES DEPARTMENT OF THE TREASURY )<br><br>Defendant. ) | Civil Action No. 06-01437 (RWR)<br>(Electronic Filing) |

## ANSWER

Now comes the defendant, United States Department of the Treasury (Treasury), by and through Counsel, and hereby answers the complaint of the plaintiff, Robert F. Kennedy Memorial Center for Human Rights (Center), as follows:

### AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Defense

Answering specifically the numbered paragraphs of plaintiff's complaint, defendant admits, denies, or otherwise avers as follows:

1. The allegations contained in paragraphs 1 and 2 of the plaintiff's complaint constitute its characterization of the legal basis for this action to which no answer is required.

2. Defendant denies the allegations contained in paragraph 3 of the plaintiff's complaint for want of information sufficient to form a belief as to the truth or falsity thereof.

3. Defendant admits the allegations contained in paragraph 4 of the plaintiff's complaint.

4. Defendant admits the allegations contained in the second and third sentences of paragraph 5 of the plaintiff's complaint, and denies the allegations contained in the first, fourth and fifth sentences of paragraph 5.

5. Defendant denies the allegations contained in paragraph 6 of the plaintiff's complaint.

6. Defendant denies the allegations contained in the first and second sentences of paragraph 7 for want of information sufficient to form a belief as to the truth or falsity thereof.

7. Defendant admits the allegations contained in paragraph 8 of the plaintiff's complaint, but denies that the date of the letter mentioned in the first sentence of paragraph 8 is August 25, 2003, and that the date of approval of the IDB Loans as mentioned in the first sentence is July 1998.

8. Defendant admits the allegations contained in paragraph 9 of the plaintiff's complaint, including its subparts, but denies that the date of the letter as mentioned in the first sentence of paragraph 9 is September 24, 2003.

9. Defendant admits the allegations contained in paragraphs 10, 11, 12, 13, 14, and 15 of plaintiff's complaint.

10. Defendant admits the allegations of paragraph 16 of the plaintiff's complaint and avers that it was continuously processing the plaintiff's FOIA requests.

11. Defendant admits the allegations contained in the first four sentences of paragraph 17 of plaintiff's complaint and denies the last sentence of paragraph 17.

12. Defendant admits the allegations contained in the first two sentences of paragraph 18 of plaintiff's complaint and denies the last sentence of paragraph 18.

13.  Defendant admits the allegations contained in paragraph 19 of plaintiff's complaint.

14.  Defendant admits the allegations contained in the first sentence of paragraph 20 of plaintiff's complaint and denies the last two sentences of paragraph 20.

15.  Defendant admits the allegations contained in paragraphs 21, 22, 23, and 24 of plaintiff's complaint.

16.  Defendant admits the allegations contained in the first sentence of paragraph 25 of plaintiff's complaint and denies the second sentence of paragraph 25 of plaintiff's complaint.

17.  Defendant admits only that the FOIA statute provides 20 working days to respond to FOIA requests, that more than 20 days have passed since Defendant received plaintiff's amended request, and that there is no issue with respect to the exhaustion of administrative remedies; otherwise, Defendant denies the allegation contained in paragraph 26 of plaintiff's complaint.

18.  Defendant denies the allegations contained in paragraph 27 of the plaintiff's complaint.

19.  Defendant repeats its answers to paragraphs 1 through 27 of the plaintiff's complaint as if fully restated and realleged herein in response to paragraph 28 of plaintiff's complaint.

20.  Defendant denies the allegations contained in paragraph 29 of the plaintiff's complaint.

21.  The allegations contained in paragraph 30 of plaintiff's complaint constitute the characterization of the legal basis for this action to which no answer is required, to the extent that a response is required, deny.

The remainder of the Complaint is plaintiff's prayer for relief and requires no response. To the extent that a response is required, deny.

All allegations not expressly admitted are denied.

WHEREFORE, having fully answered the complaint, defendant requests the Court to

enter judgment in its favor and grant such other relief as may be appropriate.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334