UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT F. KENNEDY MEMORIAL      )
    CENTER FOR HUMAN RIGHTS,    )
        Plaintiff,              )
                                )
    v.                          )
                                )   Civil Action No. 1:06CV01437
                                )       (RWR)
UNITED STATES DEPARTMENT OF     )
    THE TREASURY,               )
                                )
        Defendant.              )
                                )

DECLARATION OF HUGH P. GILMORE

    I, Hugh P. Gilmore, declare the following to be a true and
correct statement of facts:

    1)    I am the Freedom of Information Act Director for the
U.S. Department of the Treasury.  My office is located at the
Treasury Annex, Room 6220, 1500 Pennsylvania Ave, NW,
Washington, DC 20220.  I have served in this capacity at the
U.S. Department of the Treasury (Treasury) since May 2006.
Prior to that time, I was a Supervisory FOIA Program Analyst for
five years at the U.S. Department of Agriculture, Animal and
Plant Health Inspection Service.  Prior to that, I was a FOIA
Program Analyst for eleven years at the Office of Thrift
Supervision, a bureau of the Department of the Treasury. I am
also a member of the Massachusetts Bar.

    2)    In my capacity as the FOIA Director, I am responsible
for Treasury's efforts with regard to the Freedom of Information

Act. I am familiar with Treasury's processing of the FOIA request filed by the plaintiff in this case, as well as with Treasury's procedures for processing FOIA requests generally. I am also familiar with Treasury's FOIA processing manual and with Treasury's regulations governing its FOIA program.

3)    The Departmental Offices ("DO") of Treasury are located at 1500 Pennsylvania Ave., NW, Washington, DC 20220 and include the leadership offices of Treasury. The Disclosure Services Office provides intake for all FOIA requests, pursuant to departmental regulation. The position of FOIA Director is located within the Disclosure Services Office at DO.

4)    Plaintiff submitted its original FOIA request, dated August 25, 2003, to Alana Johnson, Disclosure Officer of Treasury. That request was mailed to Disclosure Services, and contained a fee waiver request and a broad scope of records to search.

5)    Upon review of the original request, Ms. Johnson determined that responsive records would likely be maintained within the Office of International Affairs, the Office within DO that deals with loans to Haiti, other economic issues in the Western Hemisphere, and multilateral development banks. Accordingly, the request, pursuant to departmental regulations, was referred to the Office of International Affairs for a search for responsive records. It was logged into the FOIA database and assigned a case number 2003-09-010, and an acknowledgment

-3-

letter of receipt was forwarded to: Ms. Monika Kalra Varma,
Robert F. Kennedy Memorial Center for Human Rights (RFK Center),
1367 Connecticut Ave., NW, Suite 200, Washington, DC 20036.

6)   On September 23, 2003, the RFK Center amended its
request by submitting a request for additional documents beyond
those requested on August 25, 2003.  All amendments were labeled
with the same case number as the original request.

7)   Following a partial search and review of documents by
Treasury staff and further discussions and correspondence
between the RFK Center and Treasury officials, on September 22,
2005, Sara Paulson, Director of the Office of Financing
Operations of Treasury, sent a fax to Ms. Varma, requesting that
the RFK Center provide additional information regarding the
request for a waiver of fees for FOIA request 2003-09-010.  In
addition, on September 27, 2005, Stephen Altheim, an
international economist and desk officer for the Inter-American
Development Bank in the Office of Financing Operations, sent Ms.
Varma a followup e-mail that attached and reiterated the request
in Ms. Paulson's fax to Ms. Varma.

8) By letter dated February 3, 2006 to the Office of
Financing Operations, Ms. Varma provided additional
justification to Treasury for a fee waiver and also amended and

-4-

restated the RFK Center's initial request in an effort to narrow the scope of records requested.

9) By letter dated March 1, 2006, Dirk Joldersma, Acting Director, Office of Financing Operations (International Affairs), informed Ms. Varma that the additional information supplied satisfied the requirements for a fee waiver.

10) Ms. Alana Johnson, my predecessor, retired in February 2006.

11) After litigation had commenced with regard to this request in August 2006, I was contacted by counsel from Treasury's Office of the Assistant General Counsel (International Affairs) to discuss the search for responsive records in this case.

12) The records responsive to this request cover certain loans to Haiti, a foreign country, by the Inter-American Development Bank (IDB). The geographic region of Haiti, as well as the source of the loans from the IDB, eliminated other International Affairs offices such as the Asia and Africa offices from the search. In light of the subject matter of this request, I met with two staff members of two offices within the Office of International Affairs – Mr. Altheim, whose office is now called the Office of Multilateral Development Banks, and Jeffrey Levine, at that time an international economist in the

-5-

Western Hemisphere Office -- who worked on economic issues involving the IDB and Haiti, and discussed the scope of the request.  They searched their respective offices' files and provided me subject matter files and chronological files by year up through 2004, including some copies of e-mails.  Together we reviewed the files, consisting of approximately 24 inches of documents, for responsiveness to the request.

13)  Mr. Altheim also searched for responsive documents from the Office of the Under Secretary for International Affairs, and found a small number of responsive hard-copy documents.  He also had some responsive documents pulled from Treasury's off-site archives, located in Suitland, Maryland. In addition, Mr. David Joy, Senior Counsel in Treasury's Office of the Assistant General Counsel (International Affairs), requested Treasury's Office of the Executive Secretary, which handles all correspondence involving the Secretary and Deputy Secretary of the Treasury, to search for responsive documents.  This last search was completed and no responsive documents were located.

14)  Based on my discussions with Messrs. Altheim, Levine, and Joy, and these individuals' discussions with others in their offices who might have had a connection to the IDB loans subject to the FOIA request, I believe that these documents comprise all the hard copy files at Treasury that dealt with the IDB loans to

-6-

Haiti that could have had responsive information concerning the request. A complete search was accomplished by Treasury of all offices of Treasury that might have documents dealing with loans to Haiti.

15) I was advised by International Affairs staff that a substantial number of additional e-mails might exist concerning the subject matter of this FOIA request. I therefore enlisted the assistance of staff of the Treasury Office of the Chief Information Officer (CIO), which provides information technology services at the Treasury, to coordinate the downloading of relevant Treasury e-mails. With the assistance of our General Counsel's office, I requested that CIO search all Treasury e-mails from the two relevant e-mail systems that have been in use at Treasury – the GroupWise system (in use from December 1994 through September 2000) and Microsoft Outlook (from September 2000 until the present time), for all e-mails sent or received by officials involved with Haiti and the IDB loans, which contained both the Boolean search terms ("IDB" or "IADB" or "Inter-American Development Bank") and "Hait!" up through 2004.

16) In order to ensure that the search was complete, Treasury enlisted the assistance of its regular on-site contractor, BAE Systems. Additionally, at the recommendation of Treasury CIO staff, Treasury brought in another contractor,

-7-

Guidance Software, especially for this project in order to use a
forensic software tool called EnCase.  These contractors
searched electronically, using the same Boolean search terms,
through the departmental G drive and the personal H drive of
twelve other employees, current or former Treasury officials,
ranging from the Under Secretary for International Affairs
through certain staff economists, whose responsibilities might
have included review or discussion of the pertinent loans, for
electronic records using the same search terms.

17)  Treasury's Printing and Graphics office downloaded and
printed out these potentially responsive e-mails, along with
attachments, and all other documents that met the search
criteria on the G and H drives.  A total of 121,368 pages of
documents were printed by the Printing and Graphics office. The
majority of these records had nothing to do with the information
sought in the FOIA request.

18)  The potentially responsive documents (including
emails) located by our Treasury offices were then reviewed for
responsiveness and applicability of FOIA exceptions by me along
with 13 other Treasury officials, consisting of ten economists
and policy officials from the Office of International Affairs
and three attorneys.

-8-

19)  The total effort at Treasury to search for, print, copy, and review all responsive documents has required over 1880 labor hours to date.  This effort has included at least 140 labor hours from me and members of my office, 902 labor hours by International Affairs professional staff, 28 labor hours from our Printing and Graphics department, 60 labor hours from outside contractors, 590 labor hours by attorneys from the Office of General Counsel, and 144 labor hours of work from support staff at the Offices of General Counsel and International Affairs.

20)  As of today, all known responsive documents at Treasury have been reviewed and either produced to the RFK Center or withheld from production pursuant to designated FOIA exceptions.  It is my belief that Treasury maintains no additional responsive material.

21)  I have reviewed the search procedures related to the search for responsive records within the Office of International Affairs and I have concluded that the searches were conducted in accordance with departmental procedures and were focused on locating the records requested.

22)  Following the search, a Vaughn index was prepared by me, Treasury counsel, and the Office of International Affairs. The index notes, for documents released after the Court Order,

-9-

the Bates stamp numbers of the documents released in full, as
well as of the documents fully or partially exempt from
disclosure under 5 U.S.C. §§ 552(b)(4) and (b)(5).  (The limited
number of documents released on September 25 and October 16,
2006 contained no information redacted under FOIA exemptions,
and were not listed on the Vaughn Index.)

    23)  The documents located were reviewed by me, as well as
by the Office of the Assistant General Counsel (International
Affairs).  Responsive information obtained from the IDB
contained in these documents was sent to the IDB for its review,
and ultimately either released or (for eleven specified
documents) withheld from production pursuant to 5 U.S.C. §
552(b)(4) (Exemption 4), for the reasons stated in the letter
dated January 24, 2007 from IDB General Counsel J. James Spinner
and the Declaration of Russell L. Munk.  The remaining
responsive information was either released or withheld pursuant
to 5 U.S.C. § 552(b)(5) (Exemption 5).

    24)  All of the information withheld pursuant to Exemption
5 falls within the deliberative process privilege.  Treasury is
withholding drafts of memos, emails (in whole and part) and
other records such as talking points which contain
recommendations and opinions of either internal Treasury
employees or other executive agency personnel.  These

-10-

recommendations and opinions are all predecisional. Many of
these documents are drafts shared between components of the
International Affairs Office at Treasury and the U.S. Department
of State. These drafts often precipitated email chains
commenting upon and editing the drafts. Disclosure of these
records would reveal the decision making process of the
Treasury, impede an open and frank discussion of issues between
federal employees and create a chilling effect on the sharing of
information and opinion with the Treasury.

25) Treasury released to the RFK Center all reasonably
segregable factual material contained within the documents and
portions thereof that were responsive to its request. The only
instances in which we did not release factual material were
those in which factual material was inextricably intertwined
with the deliberative process material. Information contained on
responsive and released pages which was not responsive to the
request was redacted and marked as "non-responsive" or "NR" on
the respective pages.

26) Our search found that some responsive documents
contained information shared outside of executive agencies of
the federal government, either with the U.S. Executive
Director's office at the IDB or with the IDB itself. Such
information was not considered to come within the application of

-11-

Exemption 5 and was disclosed to the extent the information therein was not among the eleven documents withheld at the IDB's request, pursuant to Exemption 4.

27) Treasury has provided a rolling production of documents to counsel for RFK Center, starting on September 25, 2006.  The following is a chronology of the dates and the exact or approximate number of pages provided to RFK Center's counsel on each date:

| Date: | number of pages: |
|-------|------------------|
| (Before Court Order): | |
| 9/25/06 | 174 |
| 10/16/06 | 26 |
| (After Court Order): | |
| 12/8/06 | 21 |
| 12/15/06 | 92 |
| 12/22/06 | 145 |
| 12/29/06 | 34 |
| 1/5/07 | 212 |
| 1/10/07 | 669 |
| 1/12/07 | over 1000 |
| 1/17/07 | over 2000 |

-12-

The balance of the 4606 pages of released documents, consisting of 68 pages, was released to counsel for the RFK Center on January 30, 2007.

28)   The attached Vaughn Index shows that Treasury has located a total of approximately 1543 responsive documents.   We have released all of these to counsel for the RFK Center except for all or portions of 60 memoranda and 148 e-mails under Exemption 5, as well as 11 documents under Exemption 4.   As noted above, Treasury also located and released 200 pages of documents, not noted on the Vaughn Index, in September and October 2006, that did not withhold information under any FOIA exemption.

29)   I declare under penalty of perjury that the matters set forth in this Declaration are within my official purview and are correct and true to the best of my information, knowledge, and belief.

Executed this _____31st_____ day of January 2007.


                                    _____
                                    Hugh P. Gilmore
                                    Freedom of Information Act Director
                                    Office of Disclosure Services
                                    U.S. Department of the Treasury